Case 1:21-cv-02627-SDG-LTW   Document 1   Filed 06/29/21   Page 1 of 17

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 29 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Civil  Atlanta  DIVISION

__Keith Mosley II__
(Print your full name)

        Plaintiff pro *se,*

v.

__Deloitte__

_____

_____

(Print full name of each defendant; an
employer is usually the defendant)

        Defendant(s).

CIVIL ACTION FILE NO.

__1:21-CV-2627__

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    __X__    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e seq, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

                **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

__X__        Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____        Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et eg, for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

__X__        Other (describe) _Georgia Age Discrimination Act, GA Code Sec. 34-1-2_

2.  This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.    Print your full name and mailing address below:

   Name      Keith Mosley II

   Address   2161 Peachtree Rd #403, Atlanta, GA 30309

4. Defendant(s).    Print below the name and address of each defendant listed on page 1 of this form:

   Name      Deloitte

   Address   191 Peachtree St NE Suite 2000, Atlanta, GA 30303

   Name      _____

   Address   _____

   Name      _____

   Address   _____

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

_____

_____

6. When did the alleged discrimination occur? (State date or time period)

   The alleged discrimination took place over the time period ranging from

   November 2017 to June 2020.

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?      X   Yes           ___No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   X   Yes         ___No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

9. If you are suing for **age discrimination,** check one of the following:

   X        60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ___      Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

   \_\_\_\_\_Yes          \_\_\_\_\_No          $\underline{X}$\_\_\_Not applicable, because I was not an employee of, or applicant with, a State agency.

   If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

   _____
   _____
   _____
   _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

   \_\_\_\_\_Yes          \_\_\_\_\_No          $\underline{X}$\_\_\_Not applicable, because I was not an employee of, or applicant with, a Federal agency.

   If you checked "Yes," describe below what happened in that administrative process:

   _____
   _____
   _____
   _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    |     |     |
    | --- | --- |
    | _____ | failure to hire me |
    | __X__ | failure to promote me |
    | _____ | demotion |
    | _____ | reduction in my wages |
    | __X__ | working under terms and conditions of employment that differed from similarly situated employees |
    | _____ | harassment |
    | __X__ | retaliation |
    | __X__ | termination of my employment |
    | _____ | failure to accommodate my disability |
    | _____ | other (please specify) _____ |

13. I believe that I was discriminated against because of (check only those that apply):

    |     |     |
    | --- | --- |
    | __X__ | my race or color, which is _African American_ |
    | _____ | my religion, which is _____ |
    | _____ | my sex (gender), which is __X__ male _____ female |
    | _____ | my national origin, which is _____ |
    | __X__ | my age (my date of birth is _December 21, 1979_) |
    | _____ | my disability or perceived disability, which is: |
    | __X__ | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
    | _____ | other (please specify) _____ |

Page 6 of 9

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

While employed at Deloitte, discriminatory actions were displayed towards Mr. Mosley when evaluated on his projects compared to his white and female peers. Mr. Mosley's performance evaluations were intentionally misrepresented which had a negative impact on his compensation, ability to be promoted, and how he was viewed in the firm. After filing an EEOC complaint and speaking up about discrimination in the firm, retaliatory actions were taken towards Mr. Mosley which led to him not being promoted as well as being laid off. Mr. Mosley was also discriminated against because of his age since he was one of the only two people who were laid off from his project that belonged to a protected age group. (Please see attached for additional details)

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15.  Plaintiff      _____   still works for defendant(s)
              X       no longer works for defendant(s) or was not hired

16.  If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   \_\_\_\_\_Yes   \_\_\_\_\_No

   If you checked "Yes," please explain: _____

   _____

   _____

   _____

17.  If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?   X  Yes   \_\_\_\_\_No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief(check any that apply):

   X.     Defendant(s) be directed to implement new evaluation criteria

   X      Money damages (list amounts) compensatory, punitive damages $5 million, See Attached

   X      Costs and fees involved in litigating this case

   X      Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING TRIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __29__ day of __June__, 20__21__

_Keith A. Mosley II_
(Signature of plaintiff pro *se*)

_Keith A. Mosley II_
(Printed name of plaintiff pro *se*)

_2161 Peachtree Rd #403_
(street address)

_Atlanta, GA 30309_
(City, State, and zip code)

_Keith.Mosley2@gmail.com_
(email address)

_404.725.6181_
(telephone number)

## STATEMENT OF FACTS

Plaintiff, Keith Mosley II, an African American male, was a senior consultant with over 14 years of professional experience as a management consultant and almost three years of service with Deloitte before being terminated.

At the time of termination from Deloitte, Mr. Mosley worked in the Human Capital practice and was based out of the Atlanta, GA office. Mr. Mosley was one of the highest performing senior consultants during the 2020 fiscal year and was up for promotion.

Mr. Mosley, began working for Deloitte November 27, 2017. Despite the years of experience and subject matter expertise, Mr. Mosley was hired as a senior consultant, a level below manager, the position that he applied for.

Mr. Mosley previously filed an EEOC Charge of Discrimination 410-2020-01334 on February 27, 2020 alleging that he was denied a raise, bonus, and received an unfair negative rating on his performance reviews and assessments, due to his race.

Mr. Mosley experienced an instance of racial discrimination, while working on an engagement in Rhode Island, a high-risk project due to unsatisfactory performance by the firm, where a white male team member was rewarded for providing inaccurate information. Instead of taking the time to vet information for accuracy or providing accurate details, this team member often submitted items that had to be consistently re-worked or revised. He was later promoted. While on the project, Mr. Mosley was penalized for taking time to perform due diligence to provide ideas and obtain accurate information. Since the firm had already been sued by the client, Mr. Mosley believed it was imperative that the quality of the work submitted be improved, and this was something that he was achieving, but rather than being allowed to continue to work on the project Mr. Mosley was removed from the project and received a negative review while his white male team member was eventually promoted.

Mr. Mosley experienced another instance of racial discrimination while staffed on a project in Baton Rouge, LA where the project manager intentionally mischaracterized things that occurred on the project to portray him in a negative light, when similar things happened to white team members there were no negative comments or reviews given to them. An example of mischaracterized activities occurred when Mr. Mosley was penalized for rescheduling flights to return home at a later time, so that he could satisfy client demands. Changing flights is a customary practice in consulting however the project manager, portrayed these activities in a negative light in the performance review. Mr. Mosley was the only male team member that reported to the project manager. During the engagement other teams were afforded the opportunity to work remotely and he was not. While staffed on the project Mr. Mosley, took over work products that were initially created by a manager on the project. The original form of the work products was not useable for achieving the project or client's goals, so he used his previous experience to create work products that the client used to achieve project goals. Although Mr. Mosley created these work products on his own and significantly improved work products that were once owned by a manager, the project manager gave him a rating of unsatisfactory stating he did not satisfy the standards of a senior consultant.

During the end of the year performance evaluation which occurred in March/April of 2019, Mr. Mosley's coach/counselor, who also had an opportunity to work with and manage him on a project prior to the end of the year evaluation, spoke up and indicated that the reviews were not accurate and that he was a good performer, based on her observations of his performance. While on the end of the year evaluation call, his coach/counselor witnessed exceptions and adjustments made for non-African American co-workers who had their performance rating improved. After his coach/counselor submitted his end of the year evaluation, it was later changed to portray him in a negative light by someone who did not have any direct knowledge of his performance.

The incidents that were the basis for the initial charge led to further discriminatory activities. Once Mr. Mosley was selected by his coach/counselor to be a member of her project team in December of 2018, Geoff Rothermel, a managing director on the project, gave her pushback about him becoming a team member because of the unfounded inaccurate negative feedback he had heard about him from the projects mentioned. Mr. Mosley's manager was able to keep him on the project. While on the project at an all-hands meeting, Geoff made an inappropriate racial comment to him about eating fried chicken. Geoff was later removed from the project because of his racial and misogynistic discriminatory behavior and actions towards the project manager.

Deloitte was put on notice of my charge for racial discrimination in February 2020, when the racial discrimination claim was filed with the EEOC office. As a result of being put on notice Deloitte not only retaliated but continued to discriminate against Mr. Mosley as well as other team members based on race and age. For the FY 20 performance year, Mr. Mosley was one of the top performers at his level within the firm. However, he was terminated on June 24, 2020, although he was a high performer and he was 100% billable through at least the end of October 2020. The reason given for the layoff was Covid 19, however Covid 19 impacts started taking place in March and he was not laid off until the end of June. In addition, shortly after being laid off Deloitte posted job openings for his position, so it would not appear that Covid 19 impacted the firm to the point where they could not keep him employed.

Retaliation allegedly occurred because the only people who were laid off from the project team were the individuals who filed racial discrimination claims against Deloitte, and those individuals were his manager and himself Other individuals either remained on the project, moved to other projects, or moved to the bench. As mentioned earlier, at the time of being laid off, he was a top performer and 100% billable until the end of October, so laying him off was not a reasonable business decision.

Another instance of both retaliation and racial discrimination occurred on his performance review that he received back in June 2020, when someone altered his performance review indicating that he struggled with performance at the beginning of the performance year. This was false because his manager never indicated that he struggled and he received a spot bonus based on performance at the beginning of the performance year. Mr. Mosley followed up with his manager about the comments on the performance feedback and she indicated that she

did not state that he struggled at all on the project and that someone changed his review. In addition, she had put him up for a promotion because of his strong performance.

Another instance of both retaliation and racial discrimination occurred in May 2020 as a result of Mr. Mosley speaking up during two townhall meetings at the firm, where he indicated that Deloitte needed to improve on the racial issues in the firm. One of the forums in which he spoke up, the participants were told that it was a safe space for African Americans to speak up and share candid thoughts, with some of the African American leaders in the firm. In addition to the African American firm leaders that were leading the zoom meeting, Margie Painter, a white partner at Deloitte, was attending the meeting. While participating in this meeting Mr. Mosley stated that before Deloitte does anything for the public, Deloitte needed to address the racial discrimination that was occurring within the firm. Several weeks after making those statements Mr. Mosley was laid off from the firm by Margie Painter.

As of May 31, 2020, there were a total of nine African American Deloitte employees, including Mr. Mosley's manager and himself, on the project team of twenty individuals. By the end of September all but one African American Deloitte employee remained on the team. Some were moved to other projects and some were moved to the bench or non-billable projects. Most of the non-African American individuals who remained on the project had less experience, less client interaction, as well as less time spent on the project, so they should have removed from the project before the African Americans were.

In addition to the retaliation and racial discrimination that occurred, age discrimination occurred. At the time when Mr. Mosley and his manager were laid off, his manager was over the age of 40 and he was 40. They were the only individuals laid off from the project team, while those under the age of 40 either remained on the project or were removed from the project but remained with the firm. In addition, some of the team members below the age of 40 were promoted, while Mr. Mosley and his manager were denied the promotions that they were up for.

Mr. Mosley believes that he has been discriminated against because of his age (40) in violation of the Age Discrimination in Employment Act of 1967, as amended; because of his race (African American), and retaliated against for filing a previous charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended. This discrimination led to him not receiving a raise and promotion, as well as to him being laid off from the firm.

## FIRST CLAIM FOR RELIEF
### (Racial Discrimination)

Defendant has engaged in unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e seq by giving improper ratings, unfair treatment, and terminating Mr. Mosley because he is African American. The effect of the events described above has been to deprive Mr. Mosley of equal employment opportunities as a result of him being a member of a federally protected class. The unlawful employment practices described above were intentional. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Mr. Mosley.

## SECOND CLAIM FOR RELIEF
### (Retaliation)

Since at least February, 2020, Defendant has engaged in unlawful retaliatory practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e seq by giving improper ratings unfair treatment, and terminating Mr. Mosley because he opposed discriminatory practices and participated in EEOC proceedings. The effect of the events described above has been to deprive Mr. Mosley of equal employment opportunities in retaliation for exercising his federally protected rights. The unlawful employment practices described above were intentional. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Mr. Mosley.

## THIRD CLAIM FOR RELIEF
### (Age Discrimination)

Defendant has engaged in unlawful racial discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et. seq., and the Georgia Age Discrimination Act, by giving by terminating Mr. Mosley because he is a member of a protected age group. The effect of the events described above has been to deprive Mr. Mosley of equal employment opportunities as a result of him being a member of a federally protected class. The unlawful employment practices described above were intentional. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Mr. Mosley.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who complain about discrimination;
B. Order Defendant to institute and carry policies, practices, and programs which provide equal employment opportunities for employees who exercise their federally protected rights to complain about discrimination and which eradicate the effects of its past unlawful employment practices;
C. Order Defendant to make whole Mr. Mosley by providing appropriate backpay with prejudgment interest, and other affirmative and equitable relief necessary to eradicate the effects of unlawful employment practices, including but not limited to front pay;
D. Order Defendant to make whole Mr. Mosley by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described above, including but not limited to job search expenses and medical expenses;
E. Order Defendant to make whole Mr. Mosley by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;
F. Order Defendant to pay Mr. Mosley punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined by trial;

G. Order Defendant to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;
H. Grant such further relief as the Court deems necessary and proper in the public interest; and
I. Award attorney fees in this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of facts raised by its Complaint.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Atlanta Direct Dial: (404) 562-6821
FAX (404) 562-6909/6910

March 31, 2021

Keith Mosley II
2161 Peachtree Rd. #403
Atlanta, GA 30309

    EEOC Charge Number:    410-2020-06462
    Respondent:    Deloitte

Dear Mr. Mosley,

Your charge of employment discrimination has been reviewed by EEOC in accordance with the Commission's processing procedures. This letter will serve as an explanation concerning our determination of the merits on the above-referenced charge of discrimination. The determination relies on the following information:

On December 28, 2020, you filed a charge of discrimination alleging that you were retaliated against in violation of the Civil Rights Act of 1964, as amended, and discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended.

Based upon the examination of the charge file information, we have determined that EEOC will discontinue further processing of your claim. Accordingly, you will have to file a private lawsuit if you want to continue to challenge the alleged discrimination. This practice is consistent with the Commission's Priority Charge Handling Procedures when the office has sufficient information from which to conclude that it is not likely that further investigation will result in a violation of the statutes we enforce.

Enclosed please find your **Dismissal and Notice of Rights and Information Sheet. If you want to pursue your charge further, you have the right to sue the employer named in your charge in U.S. District Court within ninety (90) days from the date you receive the enclosed notice.** Please read the documents carefully.

    Sincerely,

    T. D. Roe
    *Digitally signed by T. D. Roe*
    *DN: cn=T. D. Roe, o=U.S. EEOC,*
    *ou=ATDO,*
    *email=thomas.roe@eeoc.gov, c=US*
    *Date: 2021.03.31 13:06:56 -04'00'*

    T. D. Roe
    Federal Investigator

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Keith Mosley II
2161 Peachtree Rd #403
Atlanta, GA 30309

From: Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-06462 | THOMAS D. ROE, Senior Federal Investigator | (470) 531-4781 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                3/31/2021

Enclosures(s)

Darrell E. Graham,
District Director

*(Date Issued)*

cc:  **DELOITTE**
c/o Susan Pugatch
Manager, Employment Legal Support
1221 Avenue of the Americas
New York, NY 10010

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*