IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH MOSLEY, II,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:21-cv-02627-SDG-LTW |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. [Doc. 5]. For the following reasons, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

## BACKGROUND

Plaintiff began working for Defendant in November 2017. [Doc. 1 at 10]. Plaintiff first filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 27, 2020, alleging "he was denied a raise, bonus, and received an unfair negative rating on his performance reviews and assessments[ ] due to his race." [Id.]. Plaintiff then describes a variety of alleged discriminatory actions that culminated in him being terminated on June 24, 2020. [Id. at 10–12].

Based on his allegations of discrimination, Plaintiff brings claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII); (2) the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA"); and (3) a Georgia penal statute making age discrimination in employment a misdemeanor, O.C.G.A. § 34-1-2. [Doc. 1 at 1–2]; see also [id. at 12–13].  As mentioned above, Plaintiff filed at least one charge of discrimination with the EEOC but did not attach the charge(s) to his Complaint despite being directed to do so.  See [id. at 4]; see also [id. at 15–17].  Plaintiff did, however, attach his Notice of Right to sue, which states that his EEOC charge was filed on December 28, 2020, and that the charge was dismissed because it "was not timely filed."  [Id. at 16].

## LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the well-pled factual allegations of the complaint as true, but "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Dismissal is proper if "it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." Id.  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To state a claim with sufficient specificity requires that the complaint have enough factual matter, which when taken as true, suggests the required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

## LEGAL ANALYSIS

On October 21, 2021, Defendant filed the present Motion to Dismiss, arguing (1) that Plaintiff's suit is barred due to his failure to timely exhaust his administrative remedies and (2) that Plaintiff's suit should be dismissed for untimely service. [Doc. 5-1 at 4–6]. Notably, Plaintiff filed a response to the Motion dated the day *before* Defendant's Motion. [Doc. 7]. In his response, Plaintiff only addresses the service issue. [Id.]. As of today's date, Plaintiff has not filed any other response addressing the exhaustion issue. Below, the Court addresses whether Plaintiff timely exhausted his administrative remedies and whether Plaintiff's state law claim should be dismissed. Because those issues are dispositive, the Court need not address the service issue.

3

### *1.     Exhaustion of Administrative Remedies*

To assert a claim under Title VII or the ADEA, a plaintiff in a non- deferral state such as Georgia must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. See 42 U.S.C. § 2000e–5(e)(1); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); see also Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."). Additionally, a plaintiff has 90 days from the date he receives a notice of right to sue in which to file a complaint. Abram v. Fulton Cty. Gov't, 598 F. App'x 672, 674 (11th Cir. 2015) ("Once the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days in which to file suit on her claims in district court.").

These procedural requirements are treated "as conditions precedent under Rule 9(c)," and thus a defendant who "disagrees with a general averment that the conditions precedent have been met [can] raise the issue with a specific and particular denial." Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1009 (11th Cir. 1982); see also Associated Mech. Contractors, Inc. v. Martin K. Eby Constr. Co., 271 F.3d 1309, 1317 (11th Cir. 2001) ("The specific denial of performance of conditions precedent may be raised by motion as well as by answer."). Once such a denial is made, the plaintiff

"bears the burden of proving that the conditions precedent" were met. Jackson, 678 F.2d at 1010.

As mentioned above, Plaintiff states that he filed charges of discrimination with the EEOC, but he did not attach the charges to his Complaint. See [Doc. 1 at 4]. Defendant, however, has attached the charges of discrimination and the Notice of Right to Sue for Plaintiff's February 2020 charge to its Motion to Dismiss. [Doc. 5-2]. The Court can consider a "document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim[s] and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Because the documents attached to Defendant's Motion to Dismiss meet these criteria, they can be considered in deciding the present motion.

Plaintiff's February 2020 charge was dismissed on August 25, 2020. [Doc. 5-2 at 13]. Because Plaintiff did not file this suit until June 2021, any Title VII/ADEA claims based on the allegations made in the February 2020 charge are untimely. See Abram, 598 F. App'x at 674. In his second EEOC charge, Plaintiff asserts the latest date any discrimination took place was June 19, 2020. [Doc. 5-2 at 15]. At best, the latest date any discrimination could have taken place was on June 24, 2020, when Plaintiff was terminated. [Id. at 6]; see also [Doc. 1 at 11]. Thus, Plaintiff's EEOC charge had to be filed by December 21, 2020. See 42 U.S.C. § 2000e–5(e)(1).

5

Plaintiff's second EEOC charge was not filed until December 28, 2021. [Doc. 5-2 at 5–7]. Accordingly, any Title VII/ADEA claims Plaintiff brings based on the allegations in the December 2020 charge are also untimely. See Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258–59 (11th Cir. 2003); Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 836 (11th Cir. 2007). For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claims under Title VII and the ADEA be **DISMISSED with prejudice**.

### 2.    *Plaintiff's Purported Claim under Georgia Law*

As a final matter, Plaintiff also purports to bring a state law claim under O.C.G.A. § 34-1-2. [Doc. 1 at 2]; see also [id. at 13]. Given that Plaintiff's federal claims will be dismissed, it is unclear whether the Court should exercise subject-matter jurisdiction over the remaining state law claim, since the Complaint suggests both parties are citizens of the same state. See [id. at 3]; see also 28 U.S.C. § 1367(c)(3) (providing that a court "may decline to exercise supplemental jurisdiction over a claim" if the "court has dismissed all claims over which it has original jurisdiction").

In any event, resolution of the remaining claim is simple: O.C.G.A. § 34-1-2 is a misdemeanor penal statute that can only be enforced by the appropriate legal authorities. See Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-

prosecution of another."). Binding precedent holds that a plaintiff has no private right of action under O.C.G.A. § 34-1-2. Calhoun v. Fed. Nat. Mortg. Ass'n, 823 F.2d 451, 455 (11th Cir. 1987); see also Wisdom v. M.A. Hanna Co., 978 F. Supp. 1471, 1481 (N.D. Ga. 1997), aff'd, 141 F.3d 1190 (11th Cir. 1998); Bruce v. S & H Riggers & Erectors, Inc., 732 F. Supp. 1172, 1180 (N.D. Ga. 1990). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claim under O.C.G.A. § 34-1-2 be **DISMISSED with prejudice**. See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015) (noting that a court can dismiss a claim *sua sponte* "when amending the complaint would be futile").

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss ([Doc. 5]) be **GRANTED** and that Plaintiff's claims be **DISMISSED with prejudice**. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO REPORTED AND RECOMMENDED**, this   12   day of November, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE